**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| NOVA SERVICES INC., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. |
| | ) | 1:20-cv-02773-RDB |
| RECLEIM NOVA, LLC, et al., | ) | |
| | ) | |
| | ) | |
|     Defendants. | ) | |

**PLAINTIFF NOVA SERVICES, INC.'S MEMORANDUM IN OPPOSITION**
**TO DEFENDANTS' MOTION TO TRANSFER VENUE**

Plaintiff and Counter Defendant, Nova Services Inc., by its undersigned counsel, submits this Memorandum in opposition to the Motion To Transfer Venue and supporting Brief filed by Defendants and Counter Plaintiffs Recleim Nova, LLC, and Recleim, LLC (collectively the "Recleim Defendants"), and Defendants Blue Granite Logistics, LLC, and LL Sea Investments, LLC on October 30, 2020 (ECF 15 and ECF 15-1). In support of its opposition, the Plaintiff is filing the Declaration of Guy T. Naylor ("Mr. Naylor"), its corporate president and sole stockholder. The Declaration is submitted herewith and marked as Exhibit 1. The facts contained in Mr. Naylor's Declaration ("Naylor Declaration") are incorporated in their entirety in this memorandum.

**The Subject Contract Does Not Contain A "Mandatory Forum-Selection Clause"**

After disputes arose among the parties in 2019 and 2020, Plaintiff Nova Services initially filed this action in the Circuit Court for Baltimore County on August 3, 2020. Nova Services' Complaint pled causes of action for breach of contract against the Recleim Defendants, and a

1

count to annul fraudulent conveyances in which all Defendants participated.[1] In ¶ 23 of the Plaintiff's Complaint, Nova Services alleges that Recleim Nova assigned, conveyed and/or removed from the State of Maryland valuable assets, including, but not limited to, 20 van trailers, with the intent and effect of rendering Recleim Nova insolvent so as to defraud its creditors, including Nova Services. (See ECF 1-2, ¶ 23 at page 8 of 13).

Defendant Recleim, LLC removed Plaintiff's state court action to this Court on September 23, 2020. (ECF 1).

Defendants' Motion To Transfer Venue is based on their contention that the contract which is the subject of Plaintiff's breach of contract action against the Recleim Defendants in Count II of its Complaint, contains a "mandatory forum-selection clause." (Defs' Brief, ECF-15-1 at 1). However, the Asset Purchase Agreement ("APA") on which the Defendants' rely does not contain a "mandatory" requirement that legal actions such as the instant action must be brought in a state or federal courts in Delaware.

Section 8.11 of the APA entitled "Submission to Jurisdiction" provides:

> Any legal suit, action or proceeding arising out of or based upon this Agreement or the transactions contemplated hereby **may** be instituted in the federal courts of the United States of America or the courts of the State of Delaware in each case located in the city of Wilmington and county of New Castle, and each party irrevocably submits to the exclusive jurisdiction of such courts in any such suit, action or proceeding.

(APA § 8.11) (emphasis added) (ECF 13-1 at 23).

---

[1] The contract which is the subject of Count II of Plaintiff's Complaint is the same May 5, 2017 Asset Purchase Agreement to which reference is made in Defendants' Motion to Transfer. (See Naylor Declaration ¶¶ 4 and 7). That agreement is marked "Exhibit A" to Defendants' Answer and the Recleim Defendants' Counterclaim (ECF 13-1)

It should be undisputed that the word "may" does not convert the subject provision to a mandatory directive, such as the words "shall" or "must" otherwise might do. Relevant also to Plaintiff's opposition to the Defendants' Motion is the provision in Section 8.03 entitled "Headings," which states, "The headings in this Agreement are for reference only and shall not affect the interpretation of this Agreement." (Id. at 22).

As stated by the U.S. Court of Appeals for the Fourth Circuit in *BAE Sys. Tech. Sol. & Servs. V. Republic of Korea's Def. Acquisition Program Admin.*, 884 F.3d 463, 470 (2018):

> As a general matter, courts enforce forum selection clauses unless it would be unreasonable to do so. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15, 92 S. Ct. 1907, 32 L. Ed. 2d 513 (1972). This presumption of enforceability, however, only applies if the forum selection clause is mandatory rather than permissive. See Albemarle Corp. v. AstraZeneca UK Ltd., 628 F.3d 643, 650-51 (4th Cir. 2010). A mandatory clause requires litigation to occur in a specified forum; **a permissive clause permits litigation to occur in a specified forum but does not bar litigation elsewhere.** Id. A permissive forum selection clause does not justify dismissal on the grounds that the plaintiff filed suit in a forum other than the one specified in the clause. See, e.g., Weber v. PACT XPP Techs., AG, 811 F.3d 758, 768 (5th Cir. 2016).

884 F.3d at 470 (emphasis added).

Defendants' reliance on *Atlantic Marine Construction Co. v. U.S. District Court,* 571 U.S. 49 (2013) is misplaced because the subcontract reviewed by the Supreme Court in that case "stated that all disputes between the parties '**shall** be litigated in the Circuit Court for the City of Norfolk, Virginia, or the United States District Court for the Eastern District of Virginia, Norfolk Division.'" 571 U.S. at 53 (emphasis added).

The same mandatory requirement was contained in the dealership agreement in *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22 (1988) also cited by Defendants in their Motion. In *Stewart*, the forum-selection clause stated, "Dealer and Ricoh agree that any appropriate state or federal district court located in the Borough of Manhattan, New York City, New York, **shall**

have exclusive jurisdiction over any case or controversy." 487 U.S. at 33, fn. 1 (emphasis added).

In support of their argument that APA § 8.11 is a mandatory forum-selection clause, Defendants cite this Court's quotation of *The Bremen v. Zapata Off Shore Co.*, 407 U.S. 1, 10 (1972), in this Court's decision in *Cosmopolitan Inc. v. PNC Bank, N.A.*, Civil Action No. GLR-19-2744, 2020 U.S. Dist. LEXIS 133088 at *7, 2020 WL 4287439 at *3 (D. Md. July 27, 2020). In *The Bremen,* the forum-selection cause provided, "Any dispute arising **mus**t be treated before the London Court of Justice." 407 U.S. at 2 (emphasis added).

In its decision granting the motion to transfer venue in that case, this Court noted that the forum-selection clause at issue was mandatory by providing that plaintiff Cosmopolitan irrevocably consented and agree "that <u>any action, suit or proceeding</u> resulting from, arising out of or related to this Agreement <u>shall be</u> instituted in any state or federal court in the Commonwealth of Pennsylvania…" *Cosmopolitan, supra* at 2020 U.S. Dist. LEXIS 133088 at *6 (emphasis in original).

This Court also stated:

> Forum-selection clauses may be mandatory or permissive. A mandatory forum-selection clause "contain[s] clear language showing that jurisdiction is appropriate only in the designated forum." <u>Davis Media Grp., Inc. v. Best W. Int'l, Inc., 302 F.Supp.2d 464, 467 (D.Md. 2004)</u> (quoting <u>Koch v. Am. Online, Inc., 139 F.Supp.2d 690, 693 (D.Md. 2000))</u>. In comparison, a permissive forum-selection clause "permits jurisdiction in the selected forum without 'precluding it elsewhere.'" <u>Id.</u> The United States Court of Appeals for the Fourth Circuit has explained that an agreement containing a forum-selection clause will not be interpreted as mandatory unless "it contains specific language of exclusion." <u>IntraComm, Inc. v. Bajaj, 492 F.3d 285, 290 (4th Cir. 2007)</u> (interpreting the forum-selection clause at issue as permissive because the clause contained language that the parties **"shall be free to"** pursue their rights in Virginia state

courts, thus permitting jurisdiction in state court but not prohibiting jurisdiction in federal court).

*Cosmopolitan, supra* at 2020 U.S. Dist. LEXIS 133088 at *5 (emphasis added).

The Defendants' citation of *Ablemarle Corp. v. Astrazenica UK Ltd*, 628 F.3d 643 (4th Cir. 2010) is also not persuasive because the forum-selection clause in that case provided that "Any disputes… **will be resolved** in the state of federal court…then nearest to) Orangeburg, South Carolina, *which court will have exclusive jurisdiction and venue over such dispute.*" 628 F.3d at 647-8 (bold emphasis added).

In the instant case, § 8.11 of the Asset Purchase Agreement does not state that suits shall be, must be, or will be resolved in courts in Delaware. What it does provide is that (1) a suit, action or proceeding *may* be instituted in a state or federal court in Delaware, and (2) *if the* suit, action or proceeding is instituted in a state or federal court in Delaware, in that event "each party irrevocably submits to the exclusive jurisdiction of *such courts* in any such proceeding." (emphasis added).

The Defendants have not established, nor can they establish, that the subject contract has a mandatory forum-selection clause that requires that venue must be transferred to the United States District Court for the District of Delaware.

### **Maryland is A Convenient and Proper Forum**

The Defendants are not entitled to a change of venue based on 28 U.S.C. §1404(a). When transfer is sought under on 28 U.S.C. §1404(a) and the case does not involve a mandatory and enforceable forum-selection clause, the defendant must show that the balance of certain private and public interests favor transfer. *Atlantic Marine Construction Co., supra.* 571 U.S. at 62-63. "Ordinarily, the district court would weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the

5

interest of justice.'" *Atlantic Marine, supra,* 571 U.S. at 62-3. Defendants have not met that burden here.

As established by the accompanying Declaration of Plaintiff's corporate president, Guy T. Naylor, all of the contacts and events concerning the underlying dispute are related to Maryland, not Delaware:

1. The Plaintiff corporation is a Maryland corporation (Naylor Affidavit ¶ 2);

2. Defendant Recleim Nova, LLC, is a Delaware limited liability company that registered with the Maryland State Department and Assessments and Taxation to do business in the state of Maryland on October 7, 2016. According to Defendant and Counter Plaintiff Recleim, LLC's Notice of Removal filed in this case on September 23, 2020, Defendant Recleim, LLC is the sole member of Recleim Nova. ECF-1, ¶ 14 of Recleim, LLC's Notice of Removal, Sept. 23, 2020 (Id. ¶ 3);

3. Beginning on May 5, 2017, Recleim Nova entered into commercial leases for a total of 85,000 square feet of rentable warehouse/storage area and 4,000 square feet of rentable office area in designated parts of a commercial building located at 2500 Grays Road, Dundalk, Maryland 21222. Recleim Nova maintained those Dundalk, Maryland offices and warehouse as its principal place of business at all times relevant to the captioned action, i.e. from May 5, 2017 through September 20, 2020 (Id. ¶ 5);

4. Declarant Mr. Naylor was employed as the General Manager of Recleim Nova from May 5, 2017 until May 5, 2020.  He attests to the fact that substantially all of Recleim Nova's business was operated from its Dundalk, Maryland offices and warehouse. Recleim Nova did not have offices or rent warehouses in Delaware (Id. ¶ 6);

5. In Plaintiff's Complaint, Nova Services alleges that Recleim Nova assigned, conveyed and/or removed from the State of Maryland valuable assets, including, but not limited to, 20 van trailers, with the intent and effect of rendering Recleim Nova insolvent so as to defraud its creditors, including Nova Services.  (See ECF 1-2, ¶ 23 at page 8 of 13.) (Id. ¶ 7);

6. Plaintiff Nova Services sued Recleim Nova in Maryland because it conducted substantially all of its regular business in Baltimore County and the property which is the subject of the fraudulent conveyance action was located in Baltimore County, Maryland, prior to its removal from the state of Maryland (Id. ¶10); and

7. Plaintiff Nova Services desires that this be tried by this Court and that it not be transferred to the United States Strict Court for the District of Delaware (Id. ¶ 11).

The balance of the private involved and public interests favor the Plaintiff's choice of venue and thus venue is proper before this Court in the District of Maryland. When this Court weighs the relevant factors above, it is clear that a transfer would not serve "'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atlantic Marine, supra,* 571 U.S. at 62-3.

WHEREFORE, the Plaintiff and Counter Defendant, Nova Services Inc., prays that Defendants' Motion be DENIED.

Dated: November 13, 2020

Respectfully submitted,

/s/ Stephen J. Nolan
Michael Paul Smith (Bar No. 23685)
Stephen J. Nolan (Bar No. 0578)
**Smith, Gildea & Schmidt, LLC**
600 Washington Avenue, Suite 200
Towson, Maryland 21204
Telephone: (410) 821-0070
Facsimile: (410) 821-0071
mpsmith@sgs-law.com
snolan@sgs-law.com

*Attorneys for Plaintiff and
Counter Defendant,
Nova Services Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of November, 2020, the foregoing Plaintiff and Counter Defendant's Answer to Counterclaims was filed electronically with the Court using the CM/ECF system, which system will then send electronic notification of the filing to all counsel of record.

          /s/ *Stephen J. Nolan* _____
          Stephen J. Nolan (Bar No. 578)