IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NOVA SERVICES INC., | * | |
|     Plaintiff, | * | |
| v. | * | |
| RECLEIM NOVA, LLC, | * | |
| RECLEIM, LLC, | | **FIRST AMENDED COMPLAINT** |
| BLUE GRANITE LOGISTICS, LLC, | * | |
| and LL SEA INVESTMENTS, LLC, | | |
| | * | |
| BGL HOLDINGS, LLC, | | |
| A Delaware Limited Liability Company | * | Case No.: 1:21-cv-00020-MN |
| 34 Old Ivy Road, Suite 201 | | |
| Atlanta, Georgia 30342 | * | |
| BLUE GRANITE FREIGHT, LLC | * | |
| 125 Marshall Street | | |
| Graniteville, South Carolina 29829 | * | |
| RECLEIM LOGISTICS, LLC | * | |
| A Delaware Limited Liability Company | | |
| 1885 Beaver Ridge Circle, Ste. B | * | |
| Norcross, Georgia 30071 | | |
| | * | |
|     Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**FIRST AMENDED COMPLAINT**

NOVA SERVICES INC., Plaintiff, by its attorneys, David C. Malatesta, Jr. and Shelsby & Leoni, P.A., sues the Defendants, RECLEIM NOVA, LLC, a Delaware Limited Liability Company, RECLEIM, LLC, a Delaware Limited Liability Company, BLUE GRANITE LOGISTICS, LLC, a Delaware Limited Liability Company, LL SEA INVESTMENTS, LLC, a Georgia Limited Liability Company, BGL HOLDINGS, LLC, a Delaware Limited Liability Company, BLUE GRANITE FREIGHT, LLC, a Delaware Limited Liability Company, and

RECLEIM LOGISTICS, LLC, a Delaware Limited Liability Company, on the following causes of action.

## INTRODUCTION

2. In addition to the breach of contract and fraud action pled below, Plaintiff Nova Services Inc. (sometimes "Nova Services" or "Creditor") seeks legal and equitable relief against the Defendants, which have acted in concert to defraud Nova Services by engaging in fraudulent conveyances in violation of the Delaware Uniform Fraudulent Transfer Act ("DUFTA"), 6 *Del. C.* §§ 1301 et seq.

3. Since at least December 31, 2019, Defendant Recleim Nova, LLC ("Recleim Nova"), a Delaware limited liability company with its principal offices at 34 Old Ivy Road, Suite 200, Atlanta, Georgia, has owed, and still owes Nova Services the sum of $3,449,567.71, pursuant to a certain Asset Purchase Agreement ("APA") described below. The APA was entered into by Nova Services, Recleim Nova, and its parent, Recleim LLC ("Recleim"), a Delaware limited liability company also with its principal offices at 34 Old Ivy Road, Suite 200, Atlanta, Georgia, effective as of May 5, 2017.

4. Since about February 2020, Defendant Recleim Nova has assigned, conveyed, and in some instances removed from the State of Maryland, valuable assets with the intent and effect of rendering Recleim Nova insolvent so as to defraud its creditors, including Nova Services.

5. Plaintiff Nova Services originally filed suit against Defendants Recleim Nova, Recleim, Blue Granite Logistics, LLC, and LL Sea Investments, LLC, in the Circuit Court for Baltimore County, Maryland, on August 3, 2020. On September 23, 2020, Defendants filed a Notice of Removal with the office of the United States District Court for the District of

Maryland.  By an Order of the United States District Court of Maryland dated January 11, 2021, this case was transferred to the United States District Court for the District of Maryland.

## JURISDICTION AND VENUE

6.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 and complete diversity of citizenship exists between the Plaintiff and the Defendants.  This Court also has supplemental jurisdiction over this action under 28 U.S.C. § 1367.  This Court also has personal jurisdiction over all parties to this action pursuant to the provisions of the APA.

7.     Venue over the claims in this Court is proper based on the provisions of the APA and based also on the Order entered on January 11, 2021, by the United States District Court for the District of Maryland.

## STATEMENT OF FACTS COMMON TO ALL COUNTS

### History of May 5, 2017 Asset Purchase Agreement with Nova Services Inc.

8.     On October 30, 2000, Guy Naylor formed Nova Services Inc. ("Nova Services"), a Maryland corporation in good standing, with its principal office located at 2500 Grays Road, Dundalk, Maryland 21222.  Mr. Naylor owns 100% of the stock of Nova Services.  Over the next 17 years, Nova Services grew into a multi-million dollar appliance recovery and recycling business with customers such as Lowe's Home Centers, LLC, BGE Home and other major retailers who sell refrigerators, freezers and other household appliances.

9.     On or about June 17, 2016, Plaintiff Nova Services received a proposal from Recleim to purchase substantially all of Nova Services' assets. Recleim then had, and it continues to operate, its "flagship" plant in Graniteville, South Carolina.  Recleim's website states that it

"provides collection, transportation, demanufacturing[1] and resource recovery services for end-of-life appliances and converts the appliances and other items into commodities such as plastic, aluminum, copper, steel and pelletized foam, which are then sold for reuse."

      a.      Recleim's offered purchase price was based on its assessment that Nova Services' business had an "Enterprise Value" of $7,000,000.00.

      10.      On October 7, 2016, Recleim caused Recleim Nova to register to do business in the state of Maryland.

      11.      Negotiations relating to the acquisition terms and Recleim's due diligence process culminated in the execution of the APA described above.

      12.      As part of the transaction, Mr. Naylor entered into an Employment Agreement dated as of May 5, 2017, to work in the position of General Manager of Recleim Nova's Dundalk, Maryland operations. Mr. Naylor held that position until his employment was constructively terminated on May 5, 2020.

      13.      On April 3, 2018 and in accordance with the terms of the APA, Mr. Naylor sent a letter, as President of Nova Services, to the attention of Pete Davis, the managing principal of Recleim Nova.  Mr. Davis is also the managing principal of a private equity investment firm known as Peachtree Investments Solutions, LLC ("Peachtree"), which he formed in 2008 to advise businesses, raise money for "tax-advantaged" investments, and acquire the assets of companies like Nova Services. In fact, following its purchase of Nova Services' Dundalk-based business, Recleim and Mr. Davis orchestrated leveraged buyouts of recycling plants in Philadelphia, Pennsylvania and Lima, Ohio. Mr. Davis is also the manager of Defendant Blue Granite Logistics,

---

[1] Demanufacturing refers to a process by which consumer appliances and electronics are dismantled and valuable materials are recovered in an environmentally sound manner.

LLC.

14. Nova Services' April 3, 2018 letter notified Recleim Nova that it had breached the APA and it requested that Recleim Nova cure its breach. Upon receiving the letter, Mr. Davis complained to Mr. Naylor that he had sent the formal notice of default as required by the terms of the APA. Mr. Davis assured Mr. Naylor that he would take such actions as would be necessary for Recleim Nova to cure its breach and fulfill its obligations under the APA. In fact, Recleim did not cure its breach of the APA.

15. Despite Nova Services' repeated requests for audited financial statements as required by the APA, neither Recleim Nova nor Mr. Davis delivered on their assurances to provide the same. Instead, Mr. Naylor discovered that Recleim had misallocated expenses relating to the operations of its Philadelphia and other facilities to Recleim Nova. By manipulating Recleim Nova's books and overburdening it with improper expenses, Recleim and Mr. Davis reduced Recleim Nova's net revenues and impaired its ability to pay the over $3.4 million balance of the purchase price due to Nova Services. Recleim burdened Recleim Nova with expenses of its operations with the effect that Recleim Nova would never show a profit with which to pay Nova Services the unpaid balance due of $3.4 million.

16. Recleim and Recleim Nova breached the APA in other respects, including, but not limited to, failing to pay certain liabilities Recleim Nova had assumed under the APA and other debts incurred by Recleim Nova unrelated to Nova Services. As a direct result of Recleim Nova's default and failure to pay its bills, its creditors began suing Nova Services to collect debts owed by Recleim Nova.

17. On or about September 16, 2019, Whit's Corporation sued Recleim Nova and Nova Services for $68,930.00 in the Circuit Court of St. Louis County, Missouri (Case no. 19SL-

CC04053) for goods and services Whit's Corporation provided to Recleim Nova. Mr. Davis promised to defend Nova Services and pay the debt; however, that did not occur and Recleim Nova's failure to defend the suit caused judgment to be entered in that case against Nova Services for $68,930.00.

18. On December 17, 2019, as a direct result of Recleim Nova's failure to timely pay $59,316.46 owed to Abrava Way, Inc., Nova Services was named as a co-defendant in a trespass and non-payment of rent action brought by Abrava Way, Inc. in the District Court of Providence Plantations, Rhode Island (Civil Action No. 3CA-2019-12455). Once again, Mr. Naylor complained to Pete Davis that Recleim and Recleim Nova were destroying Mr. Naylor's good credit history and Nova Services' good credit standing.

19. During the period from at least July 2019 through and including the date of this First Amended Complaint, Recleim Nova has caused Nova Services to be billed and dunned due to Recleim Nova's failure to pay its debts as they come due, including, but not limited to, $1,309.95 which was owed to M & G Materials Handling Co. of East Providence, R.I. as of July 2, 2019; $522.31 which was owed to Service Tire Truck Centers of Bethlehem, PA. as of December 5, 2019; $1,652.00 which was owed to Pinnacle Heating & Air Conditioning, Inc. as of December 31, 2019; $13,466.40 which was owed to McClung-Logan Equipment Co. of Baltimore, MD. as of January 17, 2020; $534.29,which was owed to Cox Business for services provided to Recleim Nova at its Lincoln, R.I. facility; and $1,214.70 and $4,609.03 which amounts were owed to BG & E for services provided to Recleim Nova under two separate accounts. Plaintiff Nova Services had no legal responsibility for any of the foregoing billings.

20. On more than one occasion in 2020, Mr. Davis has spoken about transferring some of Recleim Nova's assets to a company called "Blue Granite." Mr. Naylor told Mr. Davis that it

was not proper to gradually strip Recleim Nova of its assets.

21. On or about July 27, 2020, Mr. Naylor discovered that on February 3, 2020, Mr. Davis caused Blue Granite Logistics, LLC ("Blue Granite") to be formed as a Delaware limited liability company. On February 7, 2020, Mr. Davis signed and filed an application with the South Carolina Secretary of State for a Certificate of Authority for Blue Granite to transact business in South Carolina. Recleim and Blue Granite have facilities and/or offices in Graniteville, South Carolina. Defendant LL Sea Investments LLC ("LL Sea") is identified on Mr. Davis' Application as the manager of Blue Granite with the same address of Recleim, Recleim Nova and Peachtree, that is 34 Old Ivy Road NE, Suite 200, Atlanta, Georgia.

22. On May 5, 2020, Mr. Naylor, as President of Nova Services, sent a notice of breach letter to Recleim Nova and Mr. Davis. Among other breaches of the APA described in the notice letter was Recleim's failure to satisfy liabilities arising from Recleim Nova's business operations, including the court cases described in paragraphs 15, 16 and 17. Nova Services' letter warned Recleim Nova and Mr. Davis that any transfer or encumbrance of assets would likely render Recleim Nova insolvent and any such transactions would constitute a violation of the Uniform Fraudulent Transfer Act.

23. Since sending Nova Services' May 5, 2020 notice of breach, Nova Services' President, Mr. Naylor, discovered that Mr. Davis caused Recleim Nova to assign, convey and/or remove from the State of Maryland valuable assets with the intent and effect of rendering Recleim Nova insolvent so as to defraud its creditors, including Nova Services. As of July 31, 2020, Recleim Nova has already removed assets from the State of Maryland to Recleim's Philadelphia, Pennsylvania facility, including at least 20 van trailers (both 48 foot trailers and 53 foot trailers), each of which has a value of approximately $2,000.00. At the time, Recleim Nova conveyed

and/or removed those assets, it was and continues to be insolvent.

24. On July 2, 2020, Nova Services' attorneys, Smith, Gildea & Schmidt, LLC, sent a notice of default letter to Recleim Nova and Mr. Davis concerning Recleim Nova's breach of the APA. The letter also notified Recleim Nova that conveyances made or created by it were in violation of the Maryland Uniform Fraudulent Conveyances Act and the Delaware Uniform Fraudulent Transfer Act. Demand was made for Recleim Nova to provide Nova Services' attorneys with a complete description of all conveyances made by, and all property received by Recleim from, Recleim Nova so that arrangements could be made for the return of all such property.

25. Nova Services' attorneys also sent a letter on behalf of Nova Services to Blue Granite Freight, LLC of Graniteville, South Carolina, on July 2, 2020, cautioning it about accepting conveyances from Recleim Nova or transferring to third parties property it received from Recleim Nova. Upon information and belief, Blue Granite Freight, LLC is affiliated with Blue Granite Logistics, LLC and controlled by Pete Davis or Peachtree. As of this date, Nova Services' attorneys have not received a response from Blue Granite Freight, LLC.

## Defendants' Less Than Perfect Fraudulent Shell Game

**The February 3, 2020 Shell Move**

26. In November 2021, as part of Defendants' responses to discovery in this case, Defendants produced documents establishing that Defendants have acted in concert to move, and they have moved, assets around to avoid creditors, including Plaintiff Nova Services Inc. Upon information and belief, Recleim is the parent company, which owns, operates, manages and/or controls alter-ego affiliates, subsidiaries and other business entities including, but not limited to, Recleim Nova, LLC, Recleim Logistics, LLC, LL Sea Investments, LLC, BGL Holdings, LLC,

Blue Granite Logistics, LLC, and Blue Granite Freight, LLC (sometimes hereinafter collectively referred to as the "Recleim-Controlled Entities"). One or more of the Recleim-Controlled Entities enter into contracts, pursuant to which they provide one or more aspects of recycling and disposal services to retailers such as Lowe's (e.g. transportation services, logistics, disposal or recycling). Recleim-Controlled Entities, among other things, retrieve large shipments of used appliances such as refrigerators, dishwashers, washers and dryers as Lowe's and other retailers sell new appliances to the general public. As described in paragraph 7 above, Recleim or one of its affiliates sorts through those goods and decides what is saleable overseas and packages them and sells them abroad. For those products not saleable intact, Recleim or one of its affiliates breaks down the goods and pulls out those components that can be sold either as parts or raw material. It disposes of the portions of the goods that have no value.

27. In the three (3) years following the purchase of assets from Plaintiff Nova Services, Defendants Recleim and Recleim Nova did not fulfill its obligations to Nova Services or Guy Naylor. After the APA was signed and they became employees of Recleim Nova, LLC, Billie Porter and Erin Summers-Bogdan repeatedly requested that personnel working for Recleim Nova take steps necessary to transfer to Recleim Nova's assets and titles and/or other ownership documents concerning tractors, trailers and other equipment owned by Nova Services. In some cases, Defendant's Recleim Nova's failure to pay-off liabilities or liens it had assumed under the terms of the APA prevented the transfer of titles and/or ownership documents. In other cases, Recleim Nova failed to obtain the requisite insurance so that title could be transferred.

28. With these mounting breaches with Plaintiff Nova Services as well as other creditors knocking on the door, Defendant Recleim concocted a scheme whereby they would move all of the assets and people to a related company, but at the same time leverage the contracts still

held by Recleim. While certain documents have been withheld to date, Plaintiff Nova Services has uncovered some information as to how this scheme works.

29. On February 3, 2020, pursuant to a document entitled "Asset Purchase Agreement between Recleim, LLC, as Parent Corporation For Recleim Nova, LLC And Recleim Logistics, LLC and BGL Holdings, LLC Dated As Of February 3, 2020" (the "BGL APA"), Defendants Recleim, LLC, Recleim Nova, LLC and Recleim Logistics, LLC" sold "all of Seller's right, title and interest to all assets, properties, rights and interests …in any way related to, or used in, the Business, other than the Excluded Assets" to BGL Holdings, Inc. While the term "Excluded Assets" is capitalized, it is not defined anywhere in the BGL APA and there is no exhibit itemizing any such assets. As such, it stands to reason that there were no Excluded Assets absent the identification of any.

30. In addition to Recleim selling all of its assets in the BGL APA, Recleim defines its business as "the business of transportation and logistics services related to haul-away appliances and scrap commodities" In the February 3, 2020 BGL APA, Defendants Recleim, LLC, Recleim Nova, LLC and Recleim Logistics, LLC agree:

> In furtherance of the sale the Purchased Assets and to more effectively protect the value and goodwill thereof, except as expressly listed in the Transaction Services Agreement, Seller (each of the Recleim LLCs) covenants and agrees for a period ending on the two-year anniversary of the Closing Date (the "Restricted Period"), that it will not, directly or indirectly (whether as principal, agent, independent contractor, employee, partner or otherwise), own, manage, operate, control, participate in, perform services for, or otherwise carry on, a business competitive with the Business (a "Competing Business") anywhere in the United States (it being understood by the parties hereto that the Business is not limited to any particular region of the United States and that such Business may be engaged in effectively from any location in the United States).

BGL APA ¶6.03.

31. As of February 3, 2020, all of the Recleim entities have sold all of their assets to

BGL Holdings, LLC and are contracted to be out of business. BGL Holdings, LLC may, but is not obligated to hire any of Recleim's employees including Nova's owner, Guy Naylor. *See* BGL APA ¶6.02 "Employee Matters." The February 3, 2020 BGL APA provides that the Recleim entities were to be paid $2.5 million dollars up front and additional $3.3 million dollars over time.[2] *See* BGL APA ¶3.01.

32. As of the date of the filing of this First Amended Complaint, Defendants Recleim, Recleim Nova, Blue Granite Logistics and LL Sea Investments have not produced the following relevant documents concerning the February 3, 2020 BGL APA:

List of "Excluded Assets" – an undefined term to which reference is made in Sec. 2.01 at Page RN_0063;[3]

"Exhibit A" re Accounts Payable & Other Current Liabilities of Seller, *see* Sec. 2.03(b)(ii) at Page RN_0063;

"Bill of Sale and Assumption Agreement" *see* Sec. 3.04(a)(ii) at Page RN_0064;

"Exhibit 3.06" *see* Sec. 3.06 entitled "Allocation of Purchase Price" at Page RN_0065;

"Exhibit B" *see* Sec. 4.14 at Page RN_0067;

Second "Exhibit A" re Leases *see* Sec. 4.15 at Page RN_0067; and

"Exhibit C" re Business Employees *see* Sec. 4.16(a) at Page RN_0068.

**Recleim's Next Move, The Next Day, February 4, 2020.**

33. Inexplicably, and with an apparent complete disregard of the BGL APA signed the day before, Recleim, LLC (but not Recleim Nova, LLC or Recleim Logistics, LLC) entered into an Asset Purchase Agreement with Blue Granite Logistics, LLC dated February 4, 2020 (the "February

---

[2] Plaintiff does not currently know the terms of payment of $3.3 million dollars as the Defendants have not produced the note associated therewith.
[3] Page references to "RN" are references to the 174 pages of Bates-numbered documents produced to date by Defendants. Plaintiff has produced over 8,000 pages of documents to date.

4 APA"), to purchase certain assets identified on Exhibit A to the February 4 APA. The assets identified on Exhibit A to the February 4 APA are almost exclusively limited to the assets sold in May 2017 by Plaintiff Nova Services, LLC to Defendant Recleim Nova, LLC, not Recleim, LLC ("Nova Assets"). Defendants have not produced any document that even purports to sell the Nova Assets to Recleim, LLC. The February 4 APA between Recleim, LLC and Blue Granite Logistics, LLC, is a fraudulent and sham transaction because Defendant Recleim did not own most of the assets being transferred. The consideration purported to be paid to Recleim under the February 4 APA is $2.5 million dollars.[4] *See* February 4 APA ¶1.2.[5] Yet, the parties to this fraudulent transaction, Defendants Recleim, LLC, and Blue Granite Logistics, LLC, identified the auction value of the property being transferred by Recleim, LLC at over $4.5 million. *See* Exhibit A to February 4 APA.

34. Moreover, in the their February 4 APA, Defendants Recleim, LLC and Blue Granite Logistics, LLC, contemplated "a separate Transportation Services Agreement pursuant to which the Buyer will separately provide transportation and other services to the Seller pursuant to the terms thereof." *See* February 4 APA**,** Recitals 4th paragraph. Yet, the day before in the February 3, 2020 APA with BGL Holdings, LLC, Defendant Recleim, LLC has covenanted to not be in the business and not compete with Defendant BGL Holdings.

35. Plaintiff is entitled to the discovery of when Blue Granite Logistics, LLC, as the Buye,r paid $1 million to "Lender;" whether Fifth Third Bank is the Lender; and the dates of "Lender Approval" and the "Closing." *See* February 4 APA at RN_0077-78.

---

[4] Sec. 1.2 of that agreement states that the Purchase Price is "Two Million Dollars ($2,500,000.00)" (sic). Page RN_0077.
[5] Defendants listed the equipment in Exhibit A thereto. All of the equipment listed in the exhibit which references "Nova" in the description previously belonged to Plaintiff Nova Services, LLC.

**The Recleim and Blue Granite Logistics Transportation Services Agreement Charade**

36.     Approximately one (1) month after entering the BGL APA and the February 4 APA, pursuant to a Transportation Services Agreement dated March 1, 2020 ("March 1 TSA"), Recleim, LLC and Blue Granite Logistics, LLC reach agreement whereby, Blue Granite Logistics will provide Recleim, LLC with the "… applicable equipment, personnel, and technology necessary to perform services required as set forth in the attached Exhibit l." See March 1 TSA ¶A. 1. Exhibit 1 to the Transportation Services Agreement provides, "Scope of services will be defined between Company and Provider over the course of 3 month period (sic) from March 1, 2020 - September 1, 2020." See March 1 TSA, page 15. Essentially, Defendant Recleim, LLC and Defendant Blue Granite Logistics, LLC, agreed to postpone until later the determination of what Blue Granite needed to supply in terms of people and equipment in order for Recleim, LLC to continue to operate without equipment and people.[6] The parties also agreed to figure out later what Blue Granite would charge for these services over the first six (6) months as well. See March 1 TSA Section E.1. and page 15 thereto.

37.     The essence of Defendants' fraudulent transactions is Defendant Recleim, LLC sold Defendant Blue Granite Logistics, LLC equipment and assets it did not own; assets that originally belonged to Plaintiff Nova Services, LLC. Defendant Recleim sold those assets for substantially under value - almost 50% of even auction value. The fraudulent nature of the February and March 2020 Recleim and Blue Granite transactions is boldly apparent on its face when this Court looks at the two-page Bill Of Sale And Assumption Agreement dated February 3, 2020. RN_131-2. J. Steve Bush signs the Bill of Sale as CEO of Recleim, LLC for the Seller. Mr. Bush's long time business partner, D. Pete Davis, signs as Manager of Blue Granite Logistics,

---

[6] No additional documents have been provided by Defendants showing what that determination ultimately was.

LLC, the Buyer. The above-described transactions are exactly the type of fraudulent transactions prohibited by the Delaware Uniform Fraudulent Transfer Act.

38. Based on the relatively small number of documents produced by the Defendants to date, Plaintiff Nova Services reasonably believes that additional discovery will reveal that Defendant Recleim had significant revenue-generating contracts but had accumulated substantial debt and other obligations to its lender, Fifth Third Bank, and other creditors. Plaintiff Nova Services reasonably believes that, following discovery, the evidence will show that the only thing that Defendant Recleim was bringing to the table (by design) was the non-transferable contracts with companies like Lowes. Plaintiff Nova Services further reasonably believes that the evidence at trial also will show that Defendant Blue Granite Logistics, LLC is doing all the work and all of the real money is flowing to Blue Granite Logistics pursuant to the Transportation Services Agreement - an agreement that is barely more than a wink and a handshake.

39. Although Plaintiff Nova Services has sued for Recleim and Recleim Nova's breach of the 2017 Nova Services APA, the evidence will also establish that all of the Defendants violated the Delaware Uniform Fraudulent Transfer Act ("DUFTA"), 6 *Del. C.* §§ 1301 et seq.

40. As the direct and proximate result of the intentional and fraudulent acts of the Defendants, Plaintiff Nova Services has sustained damages and losses in excess of the $3,449,567.71 that Recleim Nova owes under to the May 5, 2017 Asset Purchase Agreement.

### COUNT ONE
*(Action Against All Defendants to Set Aside and Annul Fraudulent Conveyances)*

41. Plaintiff Nova Services Inc hereby incorporates by reference the statements contained in Paragraphs 1 through 40 as if the same were fully set forth in this First Count.

42. Section 1304(a)(1) of DUFTA provides:

(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(1) With actual intent to hinder, delay or defraud any creditor of the debtor; or

(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

a. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

b. Intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due.

(b) In determining actual intent under paragraph (a)(1) of this section, consideration may be given, among other factors, to whether:

(1) The transfer or obligation was to an insider;

(2) The debtor retained possession or control of the property transferred after the transfer;

(3) The transfer or obligation was disclosed or concealed;

(4) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;

(5) The transfer was of substantially all the debtor's assets;

(6) The debtor absconded;

(7) The debtor removed or concealed assets;

(8) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;

(9) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;

(10) The transfer occurred shortly before or shortly after a substantial debt was incurred; and

> (11) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

43. Before and after Pete Davis and Defendant Recleim caused Blue Granite Logistics, LLC to be formed in February 2020 and in violation of DUFTA , Defendants, and each of them, engaged and/or participated in fraudulent conveyances relating to Recleim Nova's assets, without fair consideration and/or when either Recleim Nova was insolvent or it was rendered insolvent as a result of such transfers.

44. Before and after Pete Davis and Defendant Recleim caused Blue Granite Logistics, LLC to be formed in February 2020 and in violation of DUFTA , Defendants, and each of them, engaged and/or participated in fraudulent conveyances relating to Recleim Nova's assets, as a result of which transaction the property remaining in the hands of Recleim Nova was an unreasonably small capital.

45. Before and after Pete Davis and Defendant Recleim caused Blue Granite Logistics, LLC to be formed in February 2020 and in violation of DUFTA , Defendants, and each of them, engaged and/or participated in fraudulent conveyances relating to Recleim Nova's assets and/or incurred obligations, without fair consideration, and/or Defendants either knew or should have known that burdening Recleim Nova with such obligations was fraudulent as to Nova Services because such obligations were beyond Recleim Nova's ability to pay them as they matured.

46. Defendant Blue Granite Logistics, LLC is neither a bona fide purchaser of Recleim Nova's assets nor a bona fide creditor of Recleim Nova, because all transactions between and among Blue Granite,d Recleim Nova and the other Defendants lacked fair consideration and Blue Granite had knowledge of the fraud committed by Recleim Nova, Recleim, and Pete Davis at the time of Blue Granite's purchase of assets or at the time it extended credit to Recleim Nova.

47. All Defendants, and each of them, engaged and/or participated in fraudulent

conveyances relating to Reclaim Nova's assets with actual intent to hinder, delay and defraud Nova Services in violation of DUFTA.

WHEREFORE, this action is brought and the Plaintiff, Nova Services Inc., prays that judgment be entered in its favor and against the Defendants, Recleim Nova, LLC, Recleim LLC, Blue Granite Logistics, LLC, BGL Holdings, LLC, Recleim Logistics, LLC, LL Sea Investments, LLC, and Blue Granite Freight, LLC, setting aside and annulling all such conveyances, and appoint a receiver or trustee to carry out such actions as the Court deems necessary to implement its judgment, and award the Plaintiff compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), plus post-judgment interest and costs.

## COUNT TWO
### (*Breach of Contract Action v. Defendants Recleim and Recleim Nova*)

48. Plaintiff Nova Services Inc hereby incorporates by reference the statements contained in Paragraphs 1 through 47 as if the same were fully set forth in this Second Count.

49. Plaintiff duly performed all of its obligations under the Asset Purchase Agreement described above. Nevertheless, Defendants Recleim and Recleim Nova, without just cause or excuse, materially breached the APA by failing to pay Nova Services the balance of the purchase price of $3,449,567.71, by failing to provide Nova Services with audited financial statements for Recleim Nova for the tax years of 2018 and 2019, and by failing to hold Nova Services harmless from obligations that Recleim Nova had either assumed or for which it was solely and legally responsible.

50. As a direct and proximate result of said breaches by Defendants Recleim and Recleim Nova, Plaintiff Nova Services has been caused to sustain losses of more than of $3,449,567.71.

WHEREFORE, this action is brought and the Plaintiff, Nova Services Inc., prays that judgment be entered in its favor and against Defendants Recleim Nova, LLC and Recleim LLC and award the Plaintiff compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), plus pre- and post-judgment interest and costs.

## COUNT THREE
**(*Fraud Action v. All Defendants*)**

51.  Plaintiff Nova Services Inc hereby incorporates by reference the statements contained in Paragraphs 1 through 50 as if the same were fully set forth in this Third Count.

52.  Defendants, and each of them, have acted intentionally and maliciously to defraud and deceive Nova Services and to hide and conceal Recleim Nova's assets as described in paragraphs 19 through 37.

WHEREFORE, this action is brought and the Plaintiff, Nova Services Inc., prays that judgment be entered in its favor and against Defendants Recleim Nova, LLC, Recleim LLC, Blue Granite Logistics, LLC, BGL Holdings, LLC, Recleim Logistics, LLC, LL Sea Investments, LLC, and Blue Granite Freight, LLC, and award the Plaintiff compensatory damages in excess of Seventy-Five Thousand Dollars ($75,000.00), and punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00, plus pre- and post-judgment interest and costs.

Respectfully submitted,

/s/ David C. Malatesta, Jr.
David C. Malatesta, Jr. (Bar No. 3755)
**Shelsby & Leoni, P.A.**
221 Main Street
Wilmington, Delaware 19804
Telephone: (302) 995-6210
Facsimile: (302) 995-6121
dmalatesta@mslde.com
 *Attorneys for Plaintiff/*
*Counter-Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of June, 2022, the foregoing Plaintiff's First Amended Complaint was filed electronically with the Court using the CM/ECF system, which system will then send electronic notification of the filing to all counsel of record.

/s/ David C. Malatesta, Jr.
David C. Malatesta, Jr. (Bar No. 3755)
**Shelsby & Leoni, P.A.**
